DEBORAH M. SMITH
Acting United States Attorney

JAMES A. GOEKE
First Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska  99513-7567
Phone: 907-271-5071
Fax: 907-271-1500
Email: james.goeke@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-0088-JWS |
| Plaintiff, | ) | |
| vs. | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING MEMO** |
| JEREMY TOPKOK, | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and submits this Sentencing Memorandum:

**I.    SUMMARY OF SENTENCING RECOMMENDATIONS**

    **TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . **18 MONTHS**

    **SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . **3 YEARS**

**SPECIAL CONDITION** . . . . **18 MONTHS at NUGEN'S RANCH**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . $100.00

## II.  BACKGROUND

The United States Probation Office has prepared a Presentence Investigation Report ("PSR") in this case.  The United States agrees with the factual findings of the PSR

Pursuant to a written plea agreement, the defendant pled guilty on November 8, 2005 to a one count Indictment charging him with the attempted bank robbery of a KeyBank branch in Anchorage, Alaska in violation of Title 18, United States Code, § 2113(a).  The factual basis for the defendant's conviction is set forth in the plea agreement and in the PSR.  See Plea Agreement, pp. 11-12; PSR, ¶¶ 8-29.

Specifically, on September 13, 2005, at approximately 12:45 p.m., the defendant walked into the KeyBank branch located at 9041 Old Seward Highway and demanded money from a bank teller.  PSR, ¶ 9.  The defendant smelled of alcohol and slurred his speech.  Id.  The defendant disguised his appearance by wearing sunglasses, a white tee shirt over his face, and mismatched gloves.  Id.  The bank teller was too frightened and surprised to respond.  Id., ¶ 10.  At that moment, the branch manager approached the defendant.  Id.  The defendant responded to the branch manager by stating that he was wearing a bulletproof vest.

Id. No bank employee provided the defendant any money and he fled. Id. At the time of the attempted robbery, the bank was insured by the Federal Deposit Insurance Corporation. Id., ¶ 16.

Anchorage police officers contacted the defendant near the bank approximately one hour after the attempted robbery. Id., 17. The police officers contacted the FBI and eventually, the defendant was arrested by FBI agents. Id., ¶¶ 18-22. After his arrest, the defendant admitted that he had indeed attempted to rob the KeyBank. Id., ¶¶ 23-26.

B.   SENTENCING CALCULATION AND RECOMMENDATION

   A.   **Statutory Maximum Sentence**.

The maximum sentence that may be imposed on the defendant is 20 years in prison, a $250,000 fine, three years of supervised release, and a $100 special assessment.

   B.   **Sentencing Guidelines Calculation and Recommendation.**

The United States agrees with the calculations in the PSR and agrees that the defendant's ultimate adjusted offense level is 16 and his criminal history category is IV. PSR, ¶¶ 36-47; 64-67. Accordingly, the defendant faces a sentencing range of 33 to 41 months imprisonment. Id., ¶ 106. Pursuant to the plea agreement, however, the government agreed to recommend a sentence of 18 months

imprisonment and the defendant agreed to seek no less than 12 months and 1 day imprisonment.  Plea Agreement, p. 10.  The parties also both agreed that the defendant would spend up to 18 months in a residental alcohol treatment program at Nugen's Ranch.  Id.

The government's decision to recommend a sentence below the otherwise applicable guideline range is based on an assessment that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history.  As set forth in the PSR, the defendant's entire criminal history appears to be the result of a serious alcohol abuse problem.  PSR, ¶¶ 50-63.  The defendant's substance abuse problem is further detailed in the PSR.  Id., ¶¶ 81-82.

Based on the foregoing, the United States recommends a sentence of 18 months imprisonment, three  years of supervised release with a special mandatory condition that the defendant spend up to 18 months at the residential alcohol treatment facility at Nugen's Ranch, and a $100 special assessment.  The United

//


//

States leaves the issue of a fine and restitution to the sound discretion of the Court.

RESPECTFULLY SUBMITTED this 24th day of January, 2006, at

Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/James A. Goeke
>First Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Rm. 253
>Anchorage, Alaska  99513-7567
>Phone: 907-271-5071
>Fax: 907-271-1500
>Email: james.goeke@usdoj.gov

**Certificate of Service**
I declare under penalty of perjury that a true and correct
copy of the foregoing was sent to electronically to
Kevin McCoy, on  January 24, 2006:

 s/James A. Goeke
Office of the U.S. Attorney