Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>JEREMY ALLEN TOPKOK,<br><br>　　　　　Defendant. | NO. A05-0088 CR (JWS)<br><br>**JEREMY TOPKOK'S<br>SENTENCING MEMORANDUM** |

**I.     Introduction.**

　　　　Jeremy Topkok submits this memorandum to assist the court at the January 31, 2006, sentencing. At sentencing, Mr. Topkok will be asking the court to impose a sentence of 12 months and one day followed by a three-year term of supervised release. Consistent with Mr. Topkok's wishes and the parties' plea agreement, the term of supervised release should include a condition mandating placement at the Nugen's Ranch Residential Substance Abuse Treatment Program for a period not to exceed eighteen (18) months. The probation service would have the

discretion of shortening the period of placement at Nugen's Ranch if Mr. Topkok's treatment progress warrants a shorter placement.

**II.    The Advisory Sentencing Guideline Computation.**

The advisory sentencing guideline computation in Mr. Kelley's presentence report is correct. The sentencing range recommended under the United States Sentencing Guidelines is 33 to 41 months. [PSR ¶ 106]

**III.   The Parties' Plea Agreement.**

The parties jointly prepared a plea agreement that considered the sentencing factors set forth in 18 U.S.C. § 3553(a) through the post-*Booker* lens. The parties propose a sentencing range of 12 to 18 months followed by a three-year supervised release term with a mandatory condition of up to eighteen (18) months in the Nugen's Ranch Residential Substance Abuse Treatment Program. Fed.R.Crim.P. 11(c)(1)(C) controls the eighteen (18) month Nugen's Ranch Residential Substance Abuse Treatment Program condition. [PSR ¶ I (C)]

**IV.    The Offense.**

On September 13, 2005, Jeremy Topkok walked into the Key Bank on the Old Seward Highway. He wore sunglasses, had a tee-shirt tied around his head similar to a cowboy's bandana, and was wearing mismatched gloves, one of blue cloth and one of yellow rubber. [PSR

¶ 9] He smelled of alcohol, was mumbling, and slurring his speech. Mr. Topkok was clearly intoxicated.

Upon entering the bank, Mr. Topkok demanded money. [PSR ¶ 10] The bank manager confronted Mr. Topkok immediately by saying "Excuse me?" When Mr. Topkok repeated his demand, the bank manager again said "Sorry, excuse me?" Mr. Topkok responded by leaving the bank after claiming to be wearing a bullet proof vest. [PSR ¶ 11, 12]

**V.    Mr. Topkok Has A Long History Of Untreated Substance Abuse Issues And Mental Health Issues.**

Although Mr. Topkok has maintained periods of sobriety, his overall history is of one struggling with a serious and long-standing poly-substance abuse problem. [PSR ¶¶ 50-63; 68-69; 79A, 81-82] As the presentence report painfully details, Mr. Topkok's struggle with poly-substance abuse is substantially aggravated by difficult and largely untreated mental health issues. [PSR ¶¶ 79B, 80]

Mr. Topkok anticipates providing the court with a letter from his church. Although fully aware of his ongoing difficulties with substance abuse, the church has employed Mr. Topkok at various times to work with youth. Fellow parishioners are aware of Mr. Topkok's unsuccessful efforts to obtain treatment and fully support the treatment alternative proposed in the parties' plea agreement.

**VI.     A Sentence of 12 Months And One Day Followed By Up To Eighteen Months' Placement At The Nugen's Ranch Residential Substance Abuse Treatment Program Is Sufficient But Not Greater Than Necessary To Achieve The Sentencing Objectives Set Forth By Congress in 18 U.S.C. § 3553(a).**

Title 18 U.S.C. § 3553(a) requires this court to "impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2). Section 3553(a)(2) states that the purpose of a sentence is:

- to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

- to afford adequate deterrence to criminal conduct;

- to protect the public from further crimes of the defendant; and

- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The statute further directs the court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

Sentencing has always been an individualized process. Associate Justice Anthony M. Kennedy, writing for the Court in *Koon v. United States*, 518 U.S. 81, 113 (1996), penned these words when the federal sentencing guidelines reigned supreme.

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings

that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

The 18 U.S.C. § 3553(a) factors Congress directed courts to consider when fashioning sentences are often in conflict and sometimes cannot be easily reconciled. Judge Adelman alluded to the conflicting factors inherent in the sentencing process in *United States v. Ranum*, 353 F.Supp.2d 984 (E.D. Wis. 2005).

> [U]nder § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant." But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, § 5H1.5, his family ties and responsibilities, § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12. The guidelines' prohibition of considering these factors cannot be squared with the § 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. The only aspect of a defendant's history that the guidelines permit courts to consider is criminal history.

*Id.* at 986.

As Judge Adelman explained, there are cases where the defendant's educational, training, treatment, or medical needs are best served if the offender is allowed to remain in the community. *Id.* Likewise, earlier community placement may be warranted for a particular offender where restitution is an important component of an individualized sentence. *Id.*

This is such a case.

Mr. Topkok respectfully submits that the need to provide the defendant with required educational or vocational training, medical care, or other correctional treatment in the

most effective manner should be the preeminent goal of this sentencing. While not intending to minimize the seriousness of the precipitating event, the present case represents one of the less serious attempted bank robberies to have ever occurred in this district. A sentence of twelve (12) months and one day appropriately recognizes the seriousness of Mr. Topkok's offense and will serve to deter him and other similarly situated defendants from such behavior.

However, of primary importance is Mr. Topkok's eventual reintegration into the community as a productive citizen. This can best be accomplished if Mr. Topkok is afforded appropriate treatment options to address his substance abuse issues and his mental health issues as proposed in the parties' plea agreement.

**VII.   Conclusion.**

For all these reasons, Mr. Topkok respectfully requests a sentence of twelve (12) months and one day followed by a mandatory special condition of supervised release requiring placement not to exceed eighteen months in the Nugen's Ranch Residential Substance Abuse Treatment Program.

Dated at Anchorage, Alaska this 24th day of January 2005.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:       907-646-3400
Fax:         907-646-3480
E-Mail:      kevin_mccoy@fd.org

Certification:
I certify that on January 24, 2006,
a copy of *Jeremy Topkok's Sentencing Memorandum* was served electronically on:

James Goeke
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

Scott Kelley
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562


s/Kevin F. McCoy