# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Jeremy Topkok                                Case Number: A05-088 CR (JWS)

Sentencing Judicial Officer:         John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:           February 1, 2006

Original Offense:                    Attempted Bank Robbery

Original Sentence:                   14 months

Date Supervision Commenced:          September 15, 2006

Asst. U.S. Attorney: James A Goeke                      Defense Attorney: Kevin McCoy

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Special Condition of Supervision "The defendant shall not consume or possess any alcoholic beverages" in that on or about October 1, 2006, the defendant obtained and consumed alcohol to the point of intoxication. This violation is a Grade C violation. |
| 2 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that On October 15, 2006, at approximately 17:40 hours, the defendant was arrested for shoplifting two bottles of Vodka worth approximately $60.00 (case 06-49705). The defendant was cited and released with a summons to State Court on November 17, 2006. This violation is a Grade C violation. |
| 3 | The defendant has violated the Special Condition of Supervision "The defendant shall not consume or possess any alcoholic beverages"" in that on October 15, 2006, the defendant possessed two bottles of Vodka. This violation is a Grade C violation. |
| 4 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on October 15, 2006, at 21:38 hours, the defendant was arrested for shoplifting two 40-ounce bottles of beer (case 06-49723). This violation is a Grade C violation. |

| | |
|---|---|
| 5 | The defendant has violated the Special Condition of Supervision "The defendant shall not consume or possess any alcoholic beverages" in that on October 15, 2006, the defendant possessed two 40-ounce bottles of beer. This violation is a Grade C violation. |
| 6 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 6, 2007, the defendant was arrested for committing the crime of Felony DUI (case 3AN-07-07278CR). This violation is a Grade B violation. |
| 7 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 6, 2007, the defendant was arrested for committing the crime of Leaving Scene of an Accident (case 3AN-07-07278CR). This violation is a Grade C violation. |
| 8 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 6, 2007, the defendant was arrested for committing the crime of Driving Without a Valid Driver's License (case 3AN-07-07278CR). This violation is a Grade C violation. |
| 9 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 6, 2007, the defendant was arrested for committing the crime of Driving Without Valid Insurance (case 3AN-07-07278CR). This violation is a Grade C violation. |
| 10 | The defendant has violated the Special Condition of Supervision "The defendant shall not consume or possess any alcoholic beverages" in that on or about July 6, 2007, the defendant possessed/consumed alcoholic beverages and had a BAC of .218. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

*Petition for Warrant or Summons*
*Name of Offender* : *Jeremy Topkok*
*Case Number* : *A05-088 CR (JWS)*

Respectfully submitted,

REDACTED SIGNATURE

Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: July 9, 2007

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

*Petition for Warrant or Summons*
*Name of Offender    :    Jeremy Topkok*
*Case Number         :    A05-088 CR (JWS)*

7-10-07
_____
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: A05-088 CR (JWS) |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| | ) | |
| Jeremy Topkok | ) | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised release for Jeremy Topkok, and in that capacity declare as follows:

The defendant was convicted of Attempted Bank Robbery on February 1, 2006, and sentenced to 14 months jail and three years supervised release. Additional conditions of release were that the defendant not possess or consume any alcoholic beverages and not commit any local, state, or federal crimes. The defendant started his supervised release on September 15, 2006.

On October 3, 2006, the defendant came in to the U.S Probation Office for a meeting. The defendant admitted to consuming alcohol on October 1, 2006, explaining that he went to George's Bar and consumed alcohol to intoxication. The defendant stated that he was very ill the next day and was ashamed and embarrassed of his actions. We discussed the importance of maintaining sobriety and the defendant was instructed to attend three AA meetings a week and also agreed to a modification to obtain a mental health evaluation and comply with any recommended treatment (the defendant informed that he has unresolved personal issues that may be contributing to his desire to consume alcohol).

On October 15, 2006, the defendant was arrested (cited and released) for shoplifting two bottles of Vodka (worth $60.00) from the La Bodega store in the University Mall. The citation took place at 17:40 hours and was assigned the case number 06-49705. The defendant has a scheduled court appearance for November 17, 2006.*

On October 15, 2006, the defendant was again arrested for shoplifting two 40-ounce bottles of beer (worth $6.00). This occurred at 21:38 hours and was assigned case number 06-49723. The defendant was taken to an APD substation, arraigned by telephone, and released on his promise to appear to court on November 15, 2006. *

On October 16, 2006, a petition to revoke supervised release was filed based on the aforementioned criminal activity. A warrant for the defendant's arrest was also issued. On

October 18, 2006, the defendant was arrested by the U.S. Marshal's Service (the defendant was found hiding in a closet at his grandparents residence and provided a breath sample of .187 when booked into the Anchorage Jail). On October 19, 2006, the defendant was arraigned before the Honorable John D. Roberts, U.S. Magistrate Judge on the petition to revoke and was ordered detained.

One of the defendant's original conditions was that he enter into and complete an inpatient treatment program at Nugent's Ranch. The defendant was awaiting placement when the afore mentioned violations took place.

On October 25, 2006, space at Nugent's Ranch became available. The defendant was transported to Nugent's Ranch and began his inpatient treatment program.

On January 31, 2007, and April 2, 2007, Assistant Federal Public Defender McCoy filed status reports with the Court informing that the defendant was in compliance with his treatment program.

On June 8, 2007, Assistant U.S. Attorney James Goeke filed a motion to dismiss the pending petition to revoke without prejudice. That motion was granted by the Court on June 11, 2007.

On June 26, 2007, the defendant completed his inpatient treatment program at Nugent's Ranch and an aftercare program was set up at Salvation Army Clithroe Center. On June 27, 2007, the defendant met with his probation officer. All conditions were covered and the importance of remaining sober was discussed.

On July 6, 2007, the defendant was arrested for Felony DUI, Leaving the Scene of an Accident, Driving Without a Valid Driver's License, and Driving Without Valid Insurance (case 3AN-07-07278CR). The defendant's BAC was .218.

\* As a result of the U.S. District Court actions and placement in Nugent's Ranch, state prosecutors declined to file charges and no arraignment took place.

Executed this 9th day of July, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE

Travis Lyons
U.S. Probation Officer
District of Alaska